IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Larry Floyd Jr., <br><br> Plaintiff, <br><br> Vs. <br><br> Finkel Law Firm LLC., and Harry L. Goldberg, <br><br> Defendants. | **Complaint** <br><br> **Jury Trial Demanded** <br><br> Case No.  3:25-cv-11557-JDA |

COMES NOW Larry Floyd Jr. ("Plaintiff"), by and through his undersigned counsel, and files this Complaint against Defendants, Finkel Law Firm LLC and Harry L. Goldberg, individually, showing this Honorable Court as follows:

## INTRODUCTION

1. This lawsuit is about an employer, the Defendants, who took advantage of an employee, the Plaintiff, by promising the employee wages, but not paying the wages after the work was performed.

2. Mr. Larry Floyd, Jr. ("Plaintiff") is a lifelong resident of South Carolina and has been working in the legal field as a non-lawyer employee for over 18 years.

3. The Finkel Law Firm LLC is a law firm with offices in Columbia and Charleston.

4. Upon information and belief, Mr. Goldberg is a lawyer who is also a Member of The Finkel Law Firm LLC.

5. The Plaintiff worked for the Defendants for 3 years.

6. In 2025, the Defendants stopped paying the Plaintiff his wages, even though he was asked to keep coming to work.

1

7. The Plaintiff had to find a new job because of the Defendants' failure to pay wages.

8. The Plaintiff has experienced financial hardship because of the Defendants' failure to pay wages.

9. This is a lawsuit under the Fair Labor Standards Act, the South Carolina Failure to Pay Wages Act, the South Carolina Unfair Trade Practices Act, under the causes of action at law of Fraud, and Conversion, and under the equitable causes of action of Unjust Enrichment, Quasi-Contract, and Quantum Meruit.

10. This lawsuit is about a powerful law firm taking advantage of the ordinary people who kept it running.

## PARTIES, JURISDICTION, AND VENUE

11. Plaintiff Larry Floyd, Jr. is a citizen and resident of South Carolina.

12. Defendant Finkel Law Firm LLC ("Finkel Law Firm") is a South Carolina Limited Liability Company with its principal place of business at 1201 Man Street, Suite 1800, Columbia, South Carolina 29201.

13. Upon information and belief, Defendant Harry L. Goldberg ("Goldberg") is a citizen and resident of South Carolina.

14. Upon information and belief, Goldberg is a managing member of the Finkel Law Firm and exercises operation control over the firm, including direct responsibility for financial decisions including the payment of wages to employees.

15. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA").

16. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred in this District and Division, and Defendants maintain their principal place of business in this District and Division.

## FACTS

18. Mr. Floyd was employed as a paralegal for Finkel Law Firm since May of 2022.

19. Mr. Floyd had a satisfactory employment history with Finkel Law Firm.

20. Mr. Floyd worked for an hourly rate that was agreed upon by both parties.

21. As part of his pay and benefits package, Larry Floyd, Jr. participated in a Savings Incentive Match Plan for Employees Individual Retirement Account ("SIMPLE IRA") through The Finkel Law Firm LLC.

22. The Finkel Law Firm would match Mr. Floyd's contributions to the SIMPLE IRA up to a certain percentage.

23. The Defendants promised to withhold a percentage of Mr. Floyd's income and promised to match the withholdings, up to 3% of his pay, for contribution to the SIMPLE IRA for Mr. Floyd's benefit.

24. Mr. Floyd began participating in the SIMPLE IRA in July 2024.

25. Upon information and belief, beginning in July 2024, the Defendants were taking the employee contributions to the SIMPLE IRA out of the Plaintiff's paycheck but not contributing the employer contributions or employee contributions to the SIMPLE IRA.

26. Finkel Law Firm made regular payments to Mr. Floyd for work performed from the date of his hiring through February of 2025 but then voided the paycheck dated February 28, 2025, for the pay period for February 2, 2025 through February 15, 2025.

27. Finkel Law Firm did not then make any payments to Mr. Floyd until May 5, 2025.

28. On or about May 5, 2025, Finkel Law Firm made five direct deposits for five pay checks but did not issue accurate pay stubs to associate those payments with any specific pay periods.

29. Upon information and belief, those deposits were for the following pay periods

   a. 2/16/2025 -- 3/1/2025

   b. 3/2/2025 -- 3/15/2025

   c. 3/16/2025 -- 3/29/2025

   d. 3/30/2025 -- 4/12/2025

   e. 4/13/2025 -- 4/26/2025

30. Those pay checks still did not cover the voided payment from February 28, 2025.

31. Subsequent to the May 5, 2025, payments, Mr. Floyd did not receive any additional payments from the Finkel Law Firm.

32. Mr. Floyd continued to work for Finkel Law firm under the promise that wages due would be paid.

33. Mr. Floyd discussed the failure of Finkel Law Firm to pay wages in June of 2025 with Harry Goldberg and was told that the firm was aware of the past due balances but would be making efforts to remunerate as soon as possible.

34. In reliance on those assertions, Mr. Floyd continued in his employment with Finkel Law Firm for another month.

35.     Mr. Floyd voluntarily separated from his employment in July of 2025 after not being paid and no evidence that pay was forthcoming.

36.     Mr. Floyd never received payment for the February 2, 2025, through February 15, 2-25 pay period.

37.     Mr. Floyd never received payment for work performed after April 26, 2025.

## FOR A FIRST CAUSE OF ACTION

### (Violation of the Fair Labor Standards Act)

38.     The Plaintiff incorporates by reference all preceding paragraphs and allegations within the Complaint as though fully set forth herein.

39.     At all times relevant to this Complaint, Defendants were engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

40.     Pursuant to Section 206 of the FLSA, every employer engaged in commerce must pay its employees the minimum wage. 29 U.S.C. § 206.

41.     While the FLSA does not explicitly state when wages must be paid, courts have consistently held that wages are due on the next regular pay date. See Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945); see also *Roland Electrical Co. v. Black*, 163 F.2d 417, 418 (4th Cir. 1947) ("if [an employer] fails to pay overtime compensation promptly and when due on any regular payment date, the statutory action for the unpaid minimum and liquidated damages…. immediately arises in favor of the aggrieved employee").

42.     Upon information and belief, the Defendants failed to pay Plaintiff his earned wages on the regular pay dates for at least the following pay periods in violation of the FLSA:

    a.  2/16/2025     3/1/2025

    b.  3/2/2025      3/15/2025

5

    c.    3/16/2025    3/29/2025

    d.    3/30/2025    4/12/2025

    e.    4/13/2025    4/26/2025

43. Upon information and belief, Defendants did not pay Plaintiff or put to his account the SIMPLE IRA portion of his earned wages beginning at some point in July 2024, in further violation of FLSA.

44. Defendants did not pay Plaintiff any of his earned wages after April 26, 2025, in further violation of FLSA.

45. Defendants' failure to pay Plaintiff's earned wages was willful and not in good faith. As a result of Defendants' violations of the FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally:

    a. Liquidated damages in an amount equal to his unpaid minimum wages and overtime compensation due;

    b. Reasonable attorneys' fees and costs; and

    c. All other appropriate relief.

## FOR A SECOND CAUSE OF ACTION

**(Failure to Pay Wages under S.C Code §41-10-80(C))**

46. The Plaintiff incorporates by reference all preceding paragraphs and allegations within the Complaint as though fully set forth herein.

47. Defendant is an employer as defined by S.C. Code §41-10-10(1) and has employed more than five employees at all times over the preceding twelve months in accordance with S.C. Code §41-10-20(2).

48. Defendant historically paid Plaintiff by direct deposit in accordance with S.C. Code §41-10-40.

49. Defendant failed to pay Plaintiff for at least five pay periods in violation of S.C. Code §41-10-40(D).

50. The Plaintiff is informed and believes that he is entitled to a judgement against the Defendant in such sum of actual and punitive damages that a trier of fact may determine, along with the costs of this action, legal fees, and for such other relief as this Court may deem just and proper.

## FOR A THIRD CAUSE OF ACTION

### (South Carolina Unfair Trade Practices Act S.C. Code §39-5-10, et seq.)

51. The Defendants incorporate by reference all preceding paragraphs and allegations within the Complaint as though fully set forth herein.

52. The Defendant has engaged in unfair and deceptive acts in the conduct of trade or commerce by knowingly mis-stating the intent of the Defendant to pay the Plaintiff.

53. The Defendant allowed clients to believe that employees of the Defendant law firm were being paid for their labor and benefited from that labor without compensation.

54. The Defendant's conduct and actions have the potential for repetition and have been repeated.

55. Upon information and belief, the Defendants were previously sued for similar conduct in von Keller v. Finkel Law Firm LLC et al, 3:25-cv-03868 (D. S.C.).

56. The Defendant's unfair and deceptive acts were willful, offensive to public policy, immoral, unethical, and oppressive.

57. The Plaintiff has suffered actual and ascertainable damages because of the Plaintiff's unfair and deceptive trade practices.

58. The Plaintiff is entitled to judgment in an amount to be determined at trial together with prejudgment interest, treble damages, attorney's fees, and the costs and fees associated with her action.

## FOR A FOURTH CAUSE OF ACTION

### (Fraud)

59. The Plaintiff incorporates by reference all preceding paragraphs and allegations within the Complaint as though fully set forth herein.

60. The Defendant represented to the Plaintiff that funds would be withheld from regular pay and deposited into a retirement account along with a matching contribution by the Defendant, for the benefit of the Plaintiff.

61. The Defendant did not deposit the withheld funds, nor did the Defendant match the withholdings for contribution.

62. The representation of the Defendant was material to induce the Plaintiff to voluntarily contribute a portion of his pay.

63. The Plaintiff was unaware that the Defendant was not contributing the withheld pay or the matching contribution to the retirement fund as promised.

64. The Plaintiff continued to work and allow the withholdings in reliance on the promise of a funded retirement account.

65. The Plaintiff was justified in his reliance on the representations of the Defendant that a retirement account existed for his benefit.

66. The Plaintiff suffered damage because of the failure to fund the retirement account through the loss of realized wages, anticipatory retirement earnings with interest, and the failure of the Defendants to match the contributions of the Plaintiff.

67. The Defendants represented that payment would be coming for all the pay periods that the Plaintiff worked for the Defendants.

68. The Plaintiff has yet to receive payment for all of the pay periods that the Plaintiff worked for the Defendants.

69. The Defendants have yet to make payments for all of the pay periods that the Plaintiff worked for the Defendants.

70. The representation of the Defendants that the Defendants would pay the Plaintiff for all of the pay periods the Plaintiff worked was material to induce the Plaintiff to work for the Defendants.

71. The Plaintiff was unaware that the Defendants would not pay him for all the pay periods the Plaintiffs worked as promised.

72. The Plaintiff was justified in his reliance on the representations of the Defendants that the Plaintiff would be paid for all the pay periods the Plaintiff worked.

73. The Plaintiff suffered damage because of the failure of the Defendants to pay the Plaintiff for all the pay periods the Plaintiff worked.

74. The Plaintiff is entitled to judgment, including actual and punitive damages, in an amount to be determined at trial together with pretrial interests and any other relief that this Court may deem just and proper.

## **FOR A FIFTH CAUSE OF ACTION**

**(Conversion)**

75. The Plaintiff incorporates by reference all preceding paragraphs and allegations within the Complaint as though fully set forth herein.

76. The Plaintiff provided value by working for the Defendant in exchange for agreed upon wages.

77. The Plaintiff's wages reflect withholdings for retirement benefits that were removed by the Defendants.

78. The Defendants failed to deposit those withholdings into the retirement fund along with the matched funds.

79. The Defendants' failure to deposit the money into the retirement fund has deprived the Plaintiff of valuable property.

80. The Plaintiff is entitled to judgment in an amount to be determined at trial together with pretrial interests and any other relief that this Court may deem just and proper.

## FOR A SIXTH CAUSE OF ACTION

### (Unjust Enrichment)

81. The Plaintiff incorporates by reference all preceding paragraphs and allegations within the Complaint as though fully set forth herein.

82. The Defendant benefited from the labor of Mr. Floyd by continuing to perform legal services.

83. The Plaintiff was unable to exchange his labor for valuable consideration to an alternative employer due to his employment with the Defendant.

84. Although there was a letter with the terms of the Plaintiff's employment, the Plaintiff and Defendant did not have a written contract of employment and there is no justification for the Defendant to receive the benefit of the Plaintiff's labor without compensation

10

85. Plaintiff is informed and believes that he is entitled to a judgment against the Defendant in such sum of actual damages that a trier of fact may determine, together with the costs of this action, and for such relief as this Court may deem just and proper.

### FOR A SEVENTH CAUSE OF ACTION

### (Quasi Contract)

86. The Plaintiff incorporates by reference all preceding paragraphs and allegations within the Complaint as though fully set forth herein.

87. The Plaintiff conferred significant and demonstrable benefit to the Defendant by continuing to work even after wages had not been paid.

88. The Defendant, through its agent, acknowledged the benefit conferred by expressing an intent to pay past due wages.

89. The Defendant allowed the Plaintiff to continue in his employment despite the failure to pay past due wages and has retained the benefit of that labor without any effort to compensate the Plaintiff.

### FOR A EIGHTH CAUSE OF ACTION

### (Quantum Meruit)

90. The Plaintiff incorporates by reference all preceding paragraphs and allegations within the Complaint as though fully set forth herein.

91. Defendant has benefited from the goodwill of the Plaintiff's employment with Defendant law firm through client relationships, hourly billings, and other benefits.

92. Plaintiff was employed for three years and would likely be employed by the Defendant at this time but for the Defendant failing to pay wages.

93. Defendant will unjustly retain the benefits of the employment of Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, now comes the Defendant in this action by and through their attorneys, who pray for the following relief from the Plaintiff:

1. Actual damages to include, but not limited to:

    a. Back pay for all periods worked but not compensated in the amount to be determined by this court,

    b. Reimbursement with interest for retirement funds that were withheld from pay in addition to the agreed upon matching payments by Defendant,

    c. Treble damages as allowed under the South Carolina Unfair Trade Practices Act in S.C. Code §39-5-140(a),

    d. Treble damages as allowed under the South Carolina Payment of Wages Act in S.C. Code §41-10-80(C),

    e. Liquidated damages equal to the amount of Plaintiff's savings and retirements funds withdrawn to remedy lost wages,

    f. Reasonable attorney's fees and court costs in accordance with the South Carolina Unfair Trade Practices Act and/or the South Carolina Payment of Wages Act,

    g. Punitive damages,

    h. All other relief deemed just and proper by this Court.

[SIGNATURE ON THE FOLLOWING PAGE]

THE DEFENDANT HEREBY COMPLAINS:


S/ Judah N. VanSyckel

_____

Judah VanSyckel (Fed. ID No. 12778)
Judah@saludalaw.com
Nathan Shirk (Fed. ID No. 14525)
Nathan@saludalaw.com
139 E. Butler St., Office 1
Lexington, SC 29072
(803) 939-6927
(803) 902-8004
Attorneys for the Plaintiff